## In the Matter of the Estate of JOHN SCHNUGG, Deceased.

Surrogate's Court, New York County, July, 1923.

**Surrogate's Court — no power to compel executor to remove from premises owned by estate or to pay rent.**

From the time that an executor, who had diverted thousands of dollars from the assets of the estate, resigned in accordance with the terms of the settlement of a compulsory accounting and removal proceeding, to the present, he remained in possession of one of the apartments in the trust real estate without paying rent and in defiance of the trustees and the beneficiaries under the will. *Held,* that the surrogate had no legal power to compel him to surrender the apartment and pay the rent due therefor.

APPLICATION to remove respondent from real estate and to make him account.

*Kramer, Bourke & Galgano (Joseph Rosenzweig,* of counsel), for petitioner.

*Joseph A. Corbett (Peter M. Daly,* of counsel), for respondent.

FOLEY, S. This is an application for an order removing the respondent from premises owned by the estate, which he now occupies, and compelling him to account for the rental value thereof during the period of his occupancy.

Decedent died in 1901. The respondent here was one of the executors and trustees. The will gave him one-third of the estate. The other two-thirds were given in trust for others. He so mismanaged the property, however, that a proceeding was brought in 1902 to compel him to account and to remove him from office. The same year he conveyed his entire interest in the estate to the executors and trustees in order to make up part of his deficiency. Individually, therefore, he had no interest in the estate thereafter. In 1907, while acting as executor and trustee, he entered into occupancy of an apartment in one of the houses owned by the estate. He still continues to occupy this apartment and has paid no rent

to date.   In 1913 he resigned as executor and trustee, in accordance with the terms of settlement adjusting the compulsory accounting and removal proceeding.   It is plain that he diverted thousands of dollars from the assets of the estate, and that when confronted with his guilt, he voluntarily resigned.   Unlawfully and without authority he subsequently attempted to designate and qualify as an executor his own nominee.   The decree granting that *ex parte* application was subsequently vacated.   From 1913, when he resigned, to date, he has impudently and flagrantly continued the course of conduct previously commenced by him by remaining in possession of one of the apartments in the trust real estate without paying rent and in defiance of the rights of the trustees and the beneficiaries.   He is not now, however, a representative of the estate subject to the control of this court.

The power of the surrogate to compel him to pay the amount due the trust estate does not exist in law.   This court is without power in a proceeding of this character to compel him to surrender the apartment now occupied by him.   He should be promptly proceeded against in a proper forum for the value of the use and occupation of the premises occupied by him.   Adequate remedy also exists for his summary removal from the premises.

Under the circumstances I think the application should be denied.   The application to strike out the alleged scandalous matter in the papers is also denied.

Application denied without prejudice.

Decreed accordingly.